NOTE.—See Wieland's Estate, 2 D. & C. 277.

---

## Commonwealth v. Peifer.

*Quarter Sessions—Costs—Taxation of.*

1. After verdict of acquittal and disposition of the costs by the jury, the costs of competent witnesses, who were subpœnaed and appeared at the trial, are properly included in the bill of costs, although they were not called upon to testify.

2. On the trial of an indictment for assault, growing out of a dispute over a boundary line, the location of the line is immaterial, and the costs of surveyors subpœnaed for the purpose of locating the line, whose testimony was rejected by the court, will not be allowed.

3. On the trial of an indictment for assault, the subpœnaing of nineteen witnesses to prove the previous good reputation of the defendant is unreasonable and oppressive. Ten witnesses on this question were sufficient, and the costs of witnesses in excess of the proper number will not be allowed.

4. An item for subpœnaing witnesses, included in a bill of costs, which does not show the number of witnesses subpœnaed, the number of miles traveled, or the rate charged by the persons who served the subpœna, will not be allowed. The person charged with payment of costs is entitled to full information so that he may know whether the charge is legal and proper.

Appeal from taxation of costs. Q. S. Dauphin Co., Jan. Sess., 1921, No. 67.

*John A. Herman,* for appellant; *John R. Geyer,* for Clerk of Courts.

*Oscar G. Wickersham* and *Maurice R. Metzger,* for defendant, contra.

Fox, J., May 29, 1922.—The defendant, William Peifer, was indicted on the charge of assault. The case was tried and the jury rendered a verdict of not guilty, and directed that Henry Harmon, the prosecutor, pay the costs.

The defendant filed his witness bill, which totals $276.34. There is nothing in the record to show that the prosecutor filed exceptions to this bill. It is obvious from the report of the Clerk of the Court of Quarter Sessions that the prosecutor presented his petition for a retaxation of costs, but we do not have the petition, nor can it now be found. The clerk made his findings and report, from whose decision the prosecutor appealed.

We do not know just what objections to the bill were raised in the petition, and it may be impossible, therefore, for us to pass upon all of the matters raised by the petitioner, but from the report of the Clerk and the briefs submitted, some of the objections can readily be observed. Notwithstanding this condition, we think we can fairly and finally dispose of the matter, and will proceed to do so.

From the report of the Clerk it appears that the prosecutor contended that because some of the witnesses subpœnaed in the case were called in the suit brought against Floyd Peifer, a son of the William Peifer, in No. 68, January Sessions, 1921, charged with assault and battery, growing out of the same trouble, and tried at the same time and with this case; therefore, a part of the costs taxed in No. 67 should be taxed to No. 68. The defendant's bill shows they were subpœnaed for the defence in No. 67, and we cannot direct that any part of the bill be charged to No. 68. There is no authority for such action. It also appears that other contentions raised were that the bill includes charges for witnesses in attendance at court after the case had been continued by the court, of which continuance the defendant was duly informed,

Commonwealth v. Peifer.

and, further, that charges are made for witnesses who were not in attendance at the court. No depositions were taken to sustain these allegations, and we must take the affidavit of the defendant that they were in attendance at court as true.

There is nothing in the contention which was evidently made that no fees should be allowed to witnesses who were in attendance, but not called at the trial. The law is that the costs of competent witnesses are to be included in the bill, if, after the witnesses are subpœnaed, they appear at the trial, though they be not called to testify.

There are some charges in the bill of which the trial judge will take notice, although no objection may have been made to them; one of these is the charge for the two surveyors called in the case. The evidence they were to give was as to the location of the line between the lands of the prosecutor and defendant. This unfortunate trouble between these neighbors arose over the line between them, but in the criminal charge it did not matter where it was; its location could throw no light on the question of the guilt or innocence of the defendant; neither could it justify the assault, if there had been one. There is a different way of settling a controversy over a party-line than by threats of or actual bodily harm. Such testimony was clearly incompetent, and was rejected by the court. It was a mistake for the defendant to call witnesses on this point, and he cannot ask the prosecutor to pay for his mistakes.

"The expenses of a witness who is rejected at the trial cannot be taxed as part of the costs of a cause. The fact that he was subpœnaed in good faith, and by the advice of counsel, to meet the possibilities of the plaintiff's case makes no difference, if the facts proposed to be proved by him were immaterial and irrelevant, and the offer was rejected by the court:" Fisher v. Scott, 15 W. N. C. 126, 2 Lanc. Law Rev. 299; Eakin v. Fulmer, 4 Pa. C. C. Reps. 319.

The names of the surveyors, Remsberg and Daniel, and the amounts charged for them should be stricken from the bill.

Another matter is the great number of witnesses called to prove the reputation of the defendant. It is well remembered by the trial judge, and confirmed by a reference to the notes of the testimony taken by him at the trial, that there were three witnesses who are named in the defendant's bill of costs who testified as to the quarrel between the prosecutor and the defendant and the alleged assault; two who were called to testify as to the reputation of the prosecutor, and only one of them came up to the mark in respect to which he was called; the remaining witnesses, excepting the two surveyors, were witnesses upon the reputation of the defendant. There are included in this bill charges for twenty-six witnesses; subtracting three who testified as to the trouble, the two surveyors and two who testified as to the reputation of the prosecutor, leaves nineteen witnesses obviously brought here at a great expense to prove the reputation of the defendant in a case of assault. We cannot approve such conduct in such a case. The number of nineteen witnesses for this purpose is unreasonable and oppressive. It cannot be encouraged, but, on the other hand, should be discouraged. At the trial the court stopped the calling of the entire list. Ten witnesses on this branch of the case would have been quite enough. In the case of Com. v. Hess, 18 Pa. C. C. Reps. 542, the court said: "The calling of witnesses upon a question of character is largely within the discretion of the court as to the number. In unimportant cases the court frequently limits the number of such witnesses to three or five." See, also, Com. v. Worrall, 1 Pa. C. C. Reps. 42, in which the court said: "Where the subpœnaing of a large number of witnesses savors of

2 D. & C.

oppression, the court will require the payment of so many witnesses as were fairly necessary for the purpose of the case, and no more:" 3 Binn., 414, 4 Pa. C. C. Reps. 321.

Regarding ten witnesses to prove the reputation of a defendant in an indictment of assault as an abundant number, we must, therefore, direct that the charges of nine of these nineteen witnesses brought to prove the reputation of the defendant be stricken from the bill.

We also note that there is a charge included in this bill for subpœnaing witnesses in the amount of $25.50. There is no statement, either in the bill or on file, of the number of witnesses subpœnaed, nor the number of miles traveled, nor the rate charged by the person who served the subpœna. Such practice in filing bills cannot be tolerated; the one to pay the costs is entitled to full information, so that he may know whether the charge is a legal and proper one. This item must also be eliminated.

We, therefore, direct that the Clerk of the Court of Quarter Sessions retax the costs in this case, and, in so doing, he will not include in the bill the charges for the following witnesses, viz.:

| | |
|---|---:|
| Surveyor Remsberg | $11.20 |
| W. S. Daniel | 10.12 |
| David W. Drawbaugh | 10.84 |
| William Harmon | 10.96 |
| Ed. Bolton | 8.24 |
| Harry Kocher | 2.42 |
| Walter Drawbaugh | 4.42 |
| Mary E. Drawbaugh | 4.42 |
| George Unger | 9.32 |
| Elmer McNeil | 11.20 |
| Levi Landis | 6.60 |
| Nor the charge for subpœnaing witnesses by Floyd Peifer | 25.50 |
| **Total** | **$115.24** |

From George R. Barnett, Harrisburg, Pa.